## O'CONNELL, GUARDIAN AD LITEM FOR BABY BOY RICHARD *v.* KIRCHNER

No. A–555. Decided January 28, 1995*

JUSTICE STEVENS, Circuit Justice.

The guardian ad litem for Baby Boy Richard and his adoptive parents have filed with me in my capacity as Circuit Justice for the Seventh Circuit applications to recall the mandate of the Illinois Supreme Court and to stay that court's issuance of a writ of habeas corpus directing that custody of Baby Boy Richard be transferred to his natural father. The decision implements an earlier judgment entered by the Illinois Supreme Court, see *In re Petition of Doe,* 159 Ill. 2d 347, 638 N. E. 2d 181 (1994); two months ago, this Court denied a petition for certiorari seeking review of that judgment, *ante,* p. 994.

---

*Together with No. A–558, *Doe et al.* v. *Kirchner,* also on application for stay.

The applications are based on a procedural due process theory that Baby Boy Richard has a constitutionally protected liberty interest in remaining in the family of John and Jane Doe, his adoptive parents, and that the Does have a liberty interest in maintaining their relationship with Richard. Under this theory, no writ of habeas corpus ordering a change in the child's custody could be issued absent a full and fair hearing. I accept the representation in footnote 5 of the Does' application that this claim was presented to the Illinois Supreme Court, at least as to the rights of the adoptive parents. I must therefore assume that the state court passed upon this claim and that this Court has jurisdiction. I have concluded, however, that the claim cannot succeed. The underlying liberty interests the applicants claim have already been the subject of exhaustive proceedings in the Illinois courts, culminating in the Illinois Supreme Court's decision last year. The result of those proceedings was a determination that the biological father was entitled to present custody. The habeas corpus proceeding from which the adoptive parents now seek relief was an execution of the court's prior decision, ordering the adoptive parents to surrender custody "forthwith." That order adjudicated no new substantive rights, but merely enforced the mandate of the prior decision. Accordingly, applicants have received all the process due them under federal law.

The adoptive parents also claim that Illinois law requires an additional hearing in these circumstances. But the highest court in the State apparently disagrees; for if applicants correctly described their state-law entitlement, the Supreme Court of the State would have ordered the hearing they seek. I have no authority to review that court's interpretation of the law of Illinois. Finally, the regrettable facts that an Illinois court entered an erroneous adoption decree in 1992 and that the delay in correcting that error has had such unfortunate effects on innocent parties are, of course, not matters that I have any authority to consider in connection

with the dispositions of the pending applications for federal relief.

Accordingly, both stay applications are denied.

*It is so ordered.*